**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Julie Henderson,<br><br>Plaintiff,<br><br>vs.<br><br>Serenity Hospice Care, LLC,<br><br>Defendant. | 3:26-cv-4836-JFA<br>CASE NO.:<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff would respectfully show unto the Court that:

**PARTIES AND JURISDICTION**

1. The Plaintiff is a citizen and resident of the County of Lexington, State of South Carolina.

2. Upon information and belief, Defendant Serenity Hospice Care, LLC (hereinafter "Serenity Hospice Care"), is a limited liability company organized under the laws of the State of Georgia with its principal place of business located in Laurens County, State of Georgia. Upon information and belief, all members of Defendant Serenity Hospice Care are residents and citizens of States other than South Carolina. Defendant Serenity Hospice Care maintains a registered agent for service of process in CT Corporation, who is located at 289 South Culver Street, Lawrenceville, Georgia 30046.

3. At all times relevant to this Complaint, Defendant Serenity Hospice Care employed Ashley Lynn Kersey as a healthcare nurse regularly working in the State of South Carolina, and was working within the scope of her employment on behalf of Defendant Serenity Hospice Care

at the time of the collision that is the subject of this litigation. Defendant Serenity Hospice Care is vicariously liable for the negligent acts and/or omissions of Ashley Lynn Kersey under the doctrines of respondeat superior, master/servant, and/or agent/principal.

4. The District Court of South Carolina possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000.00.

5. Venue is appropriate in the Columbia Division of the District Court of South Carolina pursuant to 28 U.S.C § 1391 and Local Civil Rule 3.01 (DSC) because a substantial part of the events, acts, and/or omissions giving rise to the Complaint occurred in Lexington, South Carolina, which exists within the Columbia Division of the District of South Carolina.

**FACTUAL BACKGROUND**

6. On or about April 25, 2024, Plaintiff Julie Henderson was traveling eastbound on Pisgah Church Road near Lexington, South Carolina. Ashley Lynn Kersey was traveling behind Plaintiff Julie Henderson.

7. As Plaintiff Julie Henderson slowed her vehicle to a complete stop for traffic ahead, Ashley Lynn Kersey failed to control or lost control of her vehicle and struck the rear end of Plaintiff Julie Henderson's vehicle. Upon information and belief, Ashley Lynn Kersey failed keep a proper lookout and was traveling too fast for conditions.

8. At all times relevant to this Complaint, Ashley Lynn Kersey was operating a vehicle owned, maintained, and provided by Defendant Serenity Hospice Care for her use and operation as a healthcare provider in the State of South Carolina.

9. At all times relevant to this Complaint, the collision took place in Plaintiff's lane of travel.

10. At all times relevant to this Complaint, Plaintiff Julie Henderson did not contribute to the collision.

11. At all times relevant to this Complaint, there were no visual obstructions between Plaintiff Julie Henderson and Ashley Lynn Kersey.

12. As a result of the collision, Plaintiff Julie Henderson suffered the following injuries and damages:

a) Extensive pain, mental anguish, suffering and discomfort;

b) Disability for a period of time, past and future;

c) Money spent for medical care and treatment, past, present and future;

d) Inability to carry on normal activities;

e) Permanent injuries and partial disability;

f) Emotional trauma and distress;

g) Loss of enjoyment of life;

h) Lost wages and earning capacity; and,

i) Physical property damage.

**FOR A FIRST CAUSE OF ACTION**
**Against Defendant Serenity Hospice Care, LLC**
**(Negligence and Direct Negligence)**

13. Paragraphs 1 through 12 are realleged as if repeated verbatim herein.

14. The injuries and damages incurred by Plaintiff were directly and proximately caused by Defendant Serenity Hospice Care's agent Ashley Lynn Kersey's careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particular ways:

a) in failing to apply the brakes of the vehicle and/or maintain them in proper working condition;

b) in failing to steer or take other evasive action so as to avoid the collision;

c) in failing to keep a proper lookout;

d) in operating the vehicle too fast for existing conditions;

e) in traveling at a high rate of speed;

f) in striking the rear of the car directly in front of her;

g) in striking a stationary vehicle;

h) in failing to observe the condition of traffic; and,

i) any other acts and/or omissions revealed through discovery.

15. Defendant Serenity Hospice Care's agent Ashley Lynn Kersey's careless, negligent, willful, wanton, reckless, and unlawful acts were the direct and proximate cause of the collision and resulting injuries and damages to the Plaintiff.

16. Further, the injuries and damages incurred by Plaintiff were directly and proximately caused by Defendant Serenity Hospice Care's negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particulars:

a) Hiring, training, supervision, and retention of its drivers, employees, and/or agents, specifically, Ashley Lynn Kersey;

b) Failing to utilize available information to properly monitor its drivers, employees, and/or agents, specifically Ashley Lynn Kersey, for compliance with company policies and/or state and federal regulations;

c) In retaining dangerous drivers, employees, and/agents, specifically Ashley Lynn Kersey; and,

d) In failing to utilize and enforce Defendant's policies and procedures that specifically apply to the hiring, training, supervision, and retention of employees and/or drivers.

17. The Plaintiff is informed and believes that she is entitled to judgment against the Defendant for actual and punitive damages in an appropriate amount.

**<u>FOR A SECOND CAUSE OF ACTION</u>**
**Against Defendant Serenity Hospice Care, LLC**
**(Respondeat Superior)**

18. Plaintiff repeats and realleges as if verbatim paragraphs 1-17.

19. At all times relevant to the allegations contained in this complaint, Ashley Lynn Kersey was working within the course and scope of her employment on behalf of Defendant Serenity Hospice Care or was otherwise acting as an agent or servant of Serenity Hospice Care.

20. Defendant Serenity Hospice Care is liable for the acts and/or omissions of Ashley Lynn Kersey under the doctrines of respondeat superior, master/servant, and/or agent/principal.

21. The Plaintiff is informed and believes that she is entitled to judgment against Defendant Serenity Hospice Care for actual and punitive damages in an appropriate amount.

WHEREFORE, the Plaintiff prays for judgment against the Defendant for actual and punitive damages in an appropriate amount to be determined at trial, the costs of this action, and for such other and further relief as the Court may deem just and proper.

(*Signature Block On Following Page*)

SMITH, BORN, LEVENTIS, TAYLOR & VEGA LLC

s/Jacob D. Born

Jacob D. Born (Fed. ID. No. 11281)
jborn@sbltv.law
Virginia C. Kendall (Fed. ID. No. 14185)
vkendall@sbltv.law
Post Office Box 5070
Columbia, South Carolina 29250
803/929-3600
Attorneys for Plaintiff

October 13, 2026